IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN M., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, et al., <br><br> Respondents. | Case No. 26-cv-00768-SRB-EMB |

**ORDER**

Before the Court is Kevin M.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) The Petition alleges in part that Petitioner is a citizen of El Salvador and a resident of Minnesota. The Petition alleges that Petitioner has lived in the United States since 2018, has a pending asylum application, and was arrested without a warrant on January 14, 2026. Petitioner alleges in part that he "was apprehended within the United States, not at a border while seeking entry. Respondents as new practice wrongly assert 8 U.S.C. 1225(b)(2) as a basis for detaining [Petitioner] without a hearing, when instead any detention could only be pursuant to 8 U.S.C. 1226(a), which here the Respondents are not purporting to invoke." (Doc. #1, p. 9.)

In an Order dated January 28, 2026, the Court ordered Respondents to file an answer to the Petition on or before January 30, 2026. Respondents failed to do so, and the Court entered a second order directing Respondents to file an answer on or before February 3, 2026. On February 3, 2026, Respondents filed a one-page Response. The Response states in part that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and which are currently on appeal. (Doc. #6, p. 1.)

Upon review of the record and the parties' arguments, the Court finds that Petitioner is entitled to habeas relief. For the reasons stated by Petitioner and for the reasons previously stated by the Court, the Court finds that Petitioner is not subject to §§ 1225(b)(1) or (b)(2). In particular, the Court rejects Respondents' argument that Petitioner is "seeking admission" because of his ongoing asylum case. "[S]ection 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which 'by its own force implies a coming from outside.'" *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (citation omitted). Because Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.* "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

The Court further finds that Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Kevin M.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Government is **ORDERED** immediately to release Kevin M. from custody; and

3. The Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: February 4, 2026                             *s/Stephen R. Bough*
                                                   Stephen R. Bough
                                                   United States District Judge